Carolyn Hunt Cottrell (SBN 166977)
Ori Edelstein (SBN 268145)
**SCHNEIDER WALLACE COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100; Fax: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com

Philippe M.J. Gaudard (SBN 331744)
Christina N. Mirzaie (SBN 333274)
**SCHNEIDER WALLACE COTTRELL KIM LLP**
515 S. Figueroa Street, Suite 1060
Los Angeles, California 90071
Tel: (213) 835-1550; Fax: (415) 421-7105
pgaudard@schneiderwallace.com
cmirzaie@schneiderwallace.com

*Attorneys for Plaintiff, on behalf of herself and the Class Members*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

VUNTANIQUE BROWN, on behalf of herself and the Class Members,

Plaintiff,

vs.

VALE OPERATING COMPANY, LP; MARINER HEALTH CARE, INC.; and DOES 1-100, inclusive,

Defendants.

Case No.: 25-10174

**CLASS ACTION COMPLAINT**

**(1) Failure to Pay for All Hours Worked (Cal. Lab. Code § 204);**

**(2) Failure to Pay Minimum Wages (Cal. Lab. Code §§ 1182.11, 1182.12, 1194, 1197, and 1197.1);**

**(3) Failure to Pay Overtime Wages (Cal. Lab. Code § 510);**

**(4) Failure to Provide or Make Available Meal Periods and Meal Premiums (Cal. Lab. Code §§ 226.7 and 512);**

**(5) Failure to Authorize and Permit Rest Periods and Rest Premiums (Cal. Lab. Code §§ 226.7);**

**(6) Failure to Reimburse Business Expenses (Cal. Lab. Code § 2802);**

**(7) Failure to Provide Timely and Accurate Itemized Wage Statements (Cal. Lab. Code § 226);**

**(8) Waiting Time Penalties (Cal. Lab. Code §§ 201-203);**

**(9) Unlawful Business Practices (Cal. Bus. & Prof. Code §§ 17200, *et seq.*);**

**JURY TRIAL DEMANDED**

## INTRODUCTION

1. Plaintiff Vuntanique Brown ("Plaintiff") brings this action on behalf of herself and other similarly situated individuals against Vale Operating Company, LP, and Mariner Health Care, Inc. (collectively, "Defendants") for violations of California wage and hour laws.

2. This action stems from Defendants' policies and practices of: (1) failing to pay Plaintiff and Class Members for all hours worked; (2) failing to pay Plaintiff and Class Members minimum wage for all hours worked; (3) failing to pay Plaintiff and Class Members overtime wages as for hours worked over eight hours in a day and/or forty hours in a week; (4) failing to provide meal breaks to Plaintiff and Class Members as required under California law; (5) failing to authorize and permit Plaintiffs and Class Members to take rest breaks as required under California law; (6) failing to provide Plaintiff and Class Members reimbursements for business expenses as required under California law; (7) failing to provide Plaintiff and Class Members timely and accurate, itemized wage statements; (8) failing to timely pay Plaintiff and Class Members all wages upon separation from employment; and (9) unfair business practices.

3. Plaintiff seeks damages, penalties, and interest to the full extent permitted by the California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders, as well as other relief requested herein.

## PARTIES

4. Plaintiff and Class Members are current and former non-exempt hourly employees employed by Defendants throughout California.

5. Plaintiff Vuntanique Brown ("Plaintiff") is an individual over the age of eighteen, and at all times mentioned in this Complaint was a resident of the State of California.

6. Plaintiff is a current hourly non-exempt employee of Defendants and started working for Defendant on or around May 5, 2025. Plaintiff works for Defendants in San Pablo, CA.

7. Plaintiff is informed, believes, and thereon alleges that Defendant Vale Operating Company, LP is a Delaware-formed Limited Partnership, with a principal place of business in San Pablo, California. Vale Operating Company, LP is registered to do business in California and employs Plaintiff in California. Defendant Vale Operating Company, LP may be served with process by serving

its registered agent CT Corporation System, 330 N. Grand Blvd., Suite 700, Glendale, CA 91203.

8. Plaintiff is informed, believes, and thereon alleges that Defendant Mariner Health Care, Inc. is a Delaware-formed corporation. Defendant Mariner Health Care, Inc. is headquartered in Atlanta, GA and may be served with process by serving its registered agent Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801. Upon information and belief, Defendant Mariner Health Care is the parent company of Defendant Vale Operating Company, LP.

9. Plaintiff is informed, believes, and thereon alleges that Defendants employ and/or employed the Class Members in this county and throughout the state of California.

10. Defendants employ and/or employed Plaintiff and Class Members because Defendants, directly or indirectly, control the employment terms, pay practices, timekeeping practices, and daily work of Plaintiff and Class Members.

11. Plaintiff is informed, believes, and thereon alleges that Defendants exercise control over Plaintiff and Class Members with respect to their employment.

12. Plaintiff is informed, believes, and thereon alleges that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, Defendants and other unknown related entities, each acting as agents and/or employees, and/or under the direction and control of each of the other, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

13. The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1-100, inclusive, are unknown to Plaintiff, who therefore sues the DOE Defendants by fictitious names. Plaintiff is informed, believes, and thereon alleges that each of these fictitiously named Defendants is responsible in some manner for the occurrences and violations as herein alleged. Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained. Defendants and DOES 1-100 are jointly and severally liable for the civil penalties asserted.

14. At all relevant times, Defendants, known and unknown, have done business under the laws of California, have had places of business in California, including in this judicial district, and

have employed Class Members in this judicial district. At all relevant times, each Defendant is a "person" as defined in Cal. Lab. Code § 18 and Cal. Bus. & Prof. Code § 17201. Each Defendant is also an "employer" within the meaning of the Labor Code and IWC Wage Orders.

**<u>SUBJECT MATTER JURISDICTION AND VENUE</u>**

15. This Court has jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d). The aggregated claims of the individual Class Members exceed $5,000,000, exclusive of interest and costs, and this is a class action in which more than two-thirds of the proposed plaintiff class, on the one hand, and Defendant Mariner Health Care, Inc., on the other, are citizens of different states.

16. This Court has jurisdiction over Vale Operating Company, LP because it is registered to conduct business in California.

17. This Court has jurisdiction over Mariner Health Care, Inc. because it has sufficient minimum contacts in California, or otherwise intentionally avails itself of the markets within California, through the ownership and operation of healthcare facilities located in California, to render the exercise of jurisdiction by this Court proper and necessary.

18. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this action occurred in this District as Mariner Health Care, Inc. owns healthcare facilities within the District, and Plaintiff Vuntanique Brown resides and works here.

**<u>FACTUAL ALLEGATIONS</u>**

19. Plaintiff is informed and believes, and based thereon alleges, that Defendants engage in providing inpatient nursing and rehabilitative services to patients who require continuous healthcare, but not hospital services, and operate in the State of California.

20. Plaintiff is a former hourly non-exempt employee of Defendants. Plaintiff worked for Defendant from approximately May 5, 2025, until October 1, 2025. Plaintiff worked for Defendants in San Pablo, CA.

21. Plaintiff's position was Certified Nursing Assistant ("CNA"). Plaintiff worked for Defendants in Vale Healthcare Center in San Pablo, CA. She was compensated at an hourly rate of

$24.00. Plaintiff usually worked at least eight (8) hours per shift, five (5) shifts per week. Plaintiff works forty (40) hours or more per week.

22. Defendants regularly fail to provide Plaintiff and Class Members with compliant meal breaks. Defendants require Plaintiff and Class Members to clock out for meal breaks but continue working.

23. Indeed, Plaintiff and Class Members are routinely interrupted during their clocked-out meal breaks by their supervisor(s) and/or co-workers and asked that they resume caring for their patients without delay. For instance, Plaintiff and Class Members are frequently directed, without limitations, to assist patients back to their rooms, clean their patients, accompany their patients to the restroom, and attend to their patients who need assistance to move or have fallen.

24. As a result of requiring Plaintiff and Class Members to perform work during their clocked-out meal breaks, Plaintiff and Class Members are not provided with the opportunity to take duty-free uninterrupted thirty-minute meal periods during by the end of the fifth hour of work.

25. Plaintiff and Class Members frequently complained to the Director of Nursing and The Direct Staff of Nursing that they were frequently instructed to work during their clocked-out meal break. However, Defendant did not take any action to remedy these issues.

26. Making matters worse, Defendants do not pay requisite premiums to Plaintiff and Class Members for these non-compliant meal breaks.

27. For the same reasons, Defendants regularly fail to provide Plaintiff and Class Members with duty-free uninterrupted rest breaks, yet do not provide them with requisite premium pay for these non-compliant rest breaks.

28. Moreover, Defendants routinely require Plaintiff and Class Members to perform work off-the-clock and without compensation. As explained above, Defendants require Plaintiff and Class Members to clock out for meal breaks but continue working. The time Plaintiff and Class Members spend working during clocked-out meal breaks goes unrecorded and therefore uncompensated.

29. In addition, Defendants require Plaintiff and Class Members to undergo daily COVID-19 checks prior to clocking in. These COVID-19 checks include: (i) taking a mandatory temperature check, which takes approximately three (3) minutes due to the line at the thermometer; (ii) undergoing

a mandatory nasal swab; and (iii) waiting approximately fifteen (15) minutes for the result. Plaintiff and Class Members are not allowed to clock in prior to receiving a negative result. Once Plaintiff and Class Members complete their daily COVID-19 checks, they must stand in line to clock in, which takes approximately five (5) additional minutes due to the number of employees in line at the clock in station.

30. Defendants require that Plaintiff and Class Members arrive to work sufficiently in advance in order to clock in at their scheduled start time. However, Defendants do not compensate Plaintiff and Class Members for any of this time spent working before clocking in.

31. Moreover, Defendants frequently require Plaintiffs and Class Members to continue working after they clock out for the end of their shift. For instance, Plaintiff and Class Members' supervisors would ask that they further assist patients, including but not limited to, bringing a patient back to their room if a patient is walking in the hallway, cleaning the patients and changing the patients' clothes, and responding to call lights (*i.e.*, responding to patients pressing a button from their room requesting immediate assistance). Plaintiff and Class Members are also routinely instructed to transfer paperwork from one nursing station to another after they clock out for the end of their shift.

32. Further, Defendants require Plaintiff and Class Members to routinely use their personal cell phones for work related communications. That is because the nursing stations' phones are often not in service, and Plaintiff and Class Members must use their personal cell phones to remain in constant communication with their team and other members of the facility regarding patient care. In addition, Plaintiff and Class Members are instructed to let their patients borrow their personal cell phones to make personal calls. Defendants do not reimburse Plaintiff and Class Members for using their personal cellphone in the performance of their work duties.

33. Defendants' common course of wage-and-hour abuse also included routinely failing to maintain true and accurate records of the hours worked by Plaintiff and Class Members.

34. As a result of the aforementioned violations, Plaintiff and Class Members have been provided with untrue and inaccurate wage statements as such statements do not include payment for all hours worked, including minimum wages and overtime, and premium pay for non-compliant meal and rest breaks.

35. Moreover, Defendants do not provide Plaintiff and Class Members who are Defendants' former employees with full payment of all wages owed at the end of their employment. Plaintiff and separated Class Members are owed wages for all hours worked, including minimum wage and overtime, and premiums for non-compliant meal and rest breaks when their employment ends. As a consequence, Defendants are subject to waiting time penalties under the California Labor Code.

36. Plaintiff and Class Members report to facilities owned, operated, or managed by Defendants to perform their job.

37. Plaintiff and Class Members perform their job under Defendants' supervision using materials and technology approved and supplied by Defendants.

38. Plaintiff is required to follow and abide by Defendants' common work, time, and pay policies and procedures in the performance of her job. Plaintiff and Class Members are also required to follow and abide by Defendants' work, time, and pay policies and procedures in the performance of their job.

39. At the end of each pay period, Plaintiff and Class Members receive wages from Defendants that were determined by common systems and methods that Defendants selected and controlled.

40. Defendants' method of paying Plaintiff and Class Members is willful and not based on a good faith and reasonable belief that their conduct complied with California law.

41. Defendants knew or should have known that their policies and practices are unlawful and unfair.

42. Defendants' conduct is willful, carried out in bad faith, and has caused significant damages to Plaintiff and Class Members in an amount to be determined by the Court.

## RULE 23 CLASS ACTION ALLEGATIONS

43. Plaintiff brings this case as a class action on behalf of herself and all others similarly situated pursuant to Fed. R. Civ. P. 23(a) and (b)(3) The Class that Plaintiff seeks to represent is defined as follows:

> **All current and former California hourly non-exempt employees of Defendants Vale Operating Company, LP and Mariner Health Care, Inc. during the time period starting four years prior to the filing of the original Complaint until the resolution of this action ("the Class").**

44. This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the Class is easily ascertainable.

45. This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the Class is easily ascertainable.

a. **Numerosity**: The potential Members of the Class are so numerous that joinder of all the Members of the Class is impracticable. Plaintiff is informed and believes that the number of Class Members exceeds 100. This volume makes bringing the claims of each individual member of the Class before this Court impracticable. Likewise, joining each individual member of the Class as a plaintiff in this action is impracticable. Furthermore, the identities of the Class will be determined from Defendants' records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Class and Defendants.

b. **Commonality**: There are questions of law and fact common to Plaintiff and the Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, but are not limited to:

i. Whether Defendants failed to compensate Class Members for all hours worked, including at minimum wage and as overtime compensation, in violation of the Cal. Lab. Code and Wage Order 4;

ii. Whether Defendants have a policy and/or practice of requiring Class Members to be in the control of Defendants, spend time primarily for the benefit of Defendants, and work for Defendants off-the-clock and without compensation;

iii. Whether Defendants failed to make available or provide Class Members with compliant meal periods to which they are entitled in violation of the Cal. Lab. Code and Wage Order 4;

iv. Whether Defendants failed to authorize and permit, make available, and/or provide Class Members with compliant rest periods to which they are

entitled in violation of the Cal. Lab. Code and Wage Order 4;

v. Whether Defendants failed to provide Class Members with timely, accurate itemized wage statements in violation of the Cal. Lab. Code and Wage Order 4;

vi. Whether Defendants failed to fully reimburse Class Members with all necessary business expenses incurred for the benefit of Defendants, in violation of the Cal. Lab. Code;

vii. Whether Defendants failed to pay Class Members all wages owed upon termination of employment; and whether Defendants have violated Cal. Bus. & Prof. Code §§ 17200, *et seq*. by:

1. failing to compensate Plaintiff and Class Members for all hours worked, including at minimum wage and overtime, and at the correct overtime rate;
2. failing to authorize and permit, make available, and/or provide Plaintiff and Class Members with compliant meal and rest periods to which they are entitled;
3. failing to provide Plaintiff and Class Members with accurate itemized wage statements;
4. failing to pay Class Members all wages owed upon termination of employment; and
5. failing to fully reimburse Plaintiffs and Class Members for all necessary business expenses made for the benefit of Defendant.
6. The proper formula for calculating restitution, damages, and penalties owed to Plaintiff and the Class as alleged herein.

c. **<u>Typicality</u>**: Plaintiff's claims are typical of the claims of the Class. Defendants' common course of conduct in violation of law as alleged herein has caused Plaintiff and Class Members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

d. **<u>Adequacy of Representation</u>**: Plaintiff is a member of the Class, does not have any conflicts of interest with other Class Members, and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiff is competent and experienced in litigating large employment class actions, including wage and hour cases. Plaintiff will fairly and adequately represent and protect the interests of the Class Members.

e. **<u>Superiority of Class Action</u>**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each Class member has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

46. The Class may also be certified because the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class, and, in turn, would establish incompatible standards of conduct for Defendants.

47. If each individual Class Member were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each member of the Class with Defendants' vastly superior financial and legal resources.

48. Requiring each individual Class Member to pursue an individual remedy would also discourage the assertion of lawful claims by the Class Members who would be disinclined to pursue these claims against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers, and well-being.

**FIRST CAUSE OF ACTION**

**Failure to Pay All Hours Worked**

**Pursuant Cal. Lab. Code § 204**

**(Against Defendants – On Behalf of Plaintiff and the Class Members)**

49. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

50. Cal. Lab. Code § 200(a) defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation."

51. Cal. Lab. Code § 204 provides that employers must compensate employees for all hours worked "twice during each calendar month, on days designated in advance by the employer as the regular paydays."

52. IWC Wage Order 4-2001(2)(L) defines hours worked as "the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so. [. . .] Within the health care industry, the term "hours worked" means the time during which an employee is suffered or permitted to work for the employer, whether or not required to do so, as interpreted in accordance with the provisions of the Fair Labor Standards Act."

53. Cal. Lab. Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Orders.

54. Defendants willfully engaged in and continue to engage in a policy and practice of not compensating Plaintiff and Class Members for all hours worked or spent in Defendants' control.

55. Defendants regularly require Plaintiff and the Class Members to complete additional work off-the-clock, without compensation. For instance, and as mentioned above, Defendants instruct Plaintiff and Class Members to wait in line, go through temperature checks, undergo daily mandatory COVID-19 testing, and waiting for results *before* the beginning of each shift, *i.e.*, before clocking in. It takes Plaintiff and Class Members at least twenty-three minutes and often longer to go through the temperature check line, undergo such temperature check, and undergo the COVID-19 testing before

their shift starts. Defendants do not compensate Plaintiff and Class Members for their time spent in temperature check lines, undergoing temperature checks, undergoing COVID-19 testing, and waiting for results prior to clocking in every day for their shifts. Defendants require that Plaintiff and Class Members arrive at work sufficiently in advance in order to clock in at their scheduled start time. However, Defendants do not compensate Plaintiff and Class Members for any of this time spent working before clocking in.

56. Additionally, Defendants regularly preclude Plaintiff and Class Members from taking their thirty-minute meal breaks, requiring them to continue to work off-the-clock during their allotted meal period time.

57. Furthermore, Defendants frequently require Plaintiff and Class Members to continue working after clocking out for the end of their shift. For example, Plaintiff and Class Members' supervisors would ask that they further assist patients and routinely instructed them to transfer paperwork between nurses' stations after they had clocked out for the day.

58. As a result, Defendants fail to track Plaintiff and Class Members' actual hours worked and consequently fail to pay Plaintiff and Class Members for all hours worked.

59. Defendants require Plaintiff and Class Members to work off-the-clock without compensation. In other words, Plaintiff and Class Members are forced to perform work for the benefit of Defendants without pay.

60. In violation of California law, Defendants knowingly and willfully refuse to perform their obligations to provide Plaintiff and Class Members with compensation for all time worked. Defendants regularly fail to track the time Plaintiff and Class Members actually worked and fail to compensate them for all hours worked.

61. Therefore, Defendants committed, and continue to commit, the acts alleged herein knowingly and willfully, and in conscious disregard of the Plaintiff and Class Members' rights. Plaintiff and Class Members are thus entitled to recover nominal, actual, and compensatory damages, plus interest, attorneys' fees, expenses, and costs of suit.

62. As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial.

63. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## SECOND CAUSE OF ACTION

### Failure to Pay Minimum Wages

### Pursuant Cal. Lab. Code §§ 1182.11, 1182.12, 1194, 1197, and 1197.1

### (Against Defendants – On Behalf of Plaintiff and the Class Members)

64. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

65. During the applicable statutory period, Cal. Lab. Code §§ 1182.12 and 1197, and the Minimum Wage Order were in full force and effect, and required that Defendants' hourly employees receive the minimum wage for all hours worked irrespective of whether nominally paid on a piece rate, or any other basis, at the rate of fourteen dollars ($14.00) commencing January 1, 2021; at the rate of fifteen dollars ($15.00) commencing January 1, 2022; at the rate of fifteen dollars and fifty cents ($15.50) commencing January 1, 2023; at the rate of sixteen dollars ($16.00) commencing January 1, 2024; and at the rate of sixteen dollars and fifty cents ($16.50) commencing January 1, 2025. These rates apply to employers with 26 or more employees, as applicable here.

66. Cal. Lab. Code § 1194 states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

67. IWC Wage Order 4-2001(2)(L) defines hours worked as "the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so. [. . .] Within the health care industry, the term "hours worked" means the time during which an employee is suffered or permitted to work for the employer, whether or not required to do so, as interpreted in accordance with the provisions of the Fair Labor Standards Act."

68. Cal. Lab. Code § 1194.2 provides that, in any action under Section 1194 to recover wages because of the payment of a wage less than minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages

unlawfully unpaid and interest thereon.

69. Defendants regularly require Plaintiff and the Class Members to complete additional work off-the-clock, without compensation, including but not limited to, overtime that went unrecorded and unpaid, interrupted and/or missed meal breaks due to workload.

70. Defendants require Plaintiff and Class Members to work off-the-clock without compensation. In other words, Plaintiff and Class Members are forced to perform work for the benefit of Defendants without compensation.

71. In violation of California law, Defendants knowingly and willfully refuse to perform their obligations to provide Plaintiff and Class Members with compensation for all time worked. Defendants regularly fail to track the total time Plaintiff and Class Members worked and failed to compensate them for all hours worked.

72. Defendants have maintained policies and procedures which create a working environment where hourly employees are routinely compensated at a rate that is less than the statutory minimum wage. Plaintiff and Class Members routinely work off-the-clock without compensation for this time. For instance, Plaintiff and Putative Class Members are not compensated for time spent working during mandatory extensive daily COVID screenings prior to clocking in that include mandatory temperature checks, mandatory COVID nasal swab testing and waiting for results, during which time they are not allowed past the front desk to clock in until the results come back negative. Then, Plaintiff and Class Members must stand in line to clock in. Defendants require that this entire process be performed with sufficient time before the start of Plaintiff's and Class Members' scheduled shifts, thus resulting in unpaid off-the-clock work.

73. Additionally, Plaintiff and Class Members are regularly interrupted during their meal periods by their supervisor(s) and/or co-workers and are asked that they resume caring for their patients without delay. This time spent undergoing mandatory COVID screenings prior to clocking in and working through meal periods went, and continues to go, unrecorded and uncompensated, even though it should be compensated at minimum wage and/or overtime rates under California law, giving rise to minimum wage and overtime violations.

74. Moreover, Defendants frequently require Plaintiffs and Class Members to continue

working after they clock out for the end of their shift to continue patient assistance and paperwork transfers between nursing stations.

75. As a direct and proximate result of the unlawful acts and/or omissions of Defendants, Plaintiff and Class Members have been deprived of minimum wages in an amount to be determined at trial, and are entitled to a recovery of such amount, plus liquidated damages, plus interest thereon, attorneys' fees, and costs of suit pursuant to Cal. Lab. Code §§ 1194, 1194.2 and 1197.1.

76. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**THIRD CAUSE OF ACTION**

**Failure to Pay Overtime Wages**

**Pursuant Cal. Lab. Code § 510**

**(Against Defendants – On Behalf of Plaintiff and the Class Members)**

77. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

78. Defendants do not compensate Plaintiff and Class Members with the appropriate overtime rate, as required by California law.

79. Cal. Lab. Code § 510 provides, in pertinent part, that:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

80. The IWC Wage Order 4-2001(3)(A)(1) states:

> The following overtime provisions are applicable … employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than: . . . One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and … [d]ouble the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of

work in a workweek.

81. Cal. Lab. Code § 1194(a) provides that:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

82. Cal. Lab. Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation." All such wages are subject to California's overtime requirements, including those set forth above.

83. Defendants regularly do not compensate Plaintiff and Class Members for their overtime hours. For instance, Plaintiff and Class Members do not receive overtime compensation for time spent working off-the-clock after their shift or for time spent working during noncompliant meal periods when the hours worked are in excess of eight (8) hours per day and forty (40) hours per week.

84. Additionally, Plaintiff and Class Members are required to regularly interrupt their meal periods to assist patients that may be assisted by other CNAs that are not on their meal period, resulting in unpaid off-the-clock work.

85. Plaintiff and Class Members are routinely required to continue patient assistance after clocking out for the day, as well as to continue paperwork transfer between nursing stations after clocking out. Plaintiff and Class Members work overtime hours for Defendants without being paid overtime premiums in violation of the Labor Code, applicable IWC Wage Orders, and other applicable law.

86. Defendants have knowingly and willfully refused to perform their obligation to provide Plaintiff and Class Members with premium wages for all overtime work. As a proximate result of the aforementioned violations, Defendants have damaged Plaintiff and Class Members in amounts to be determined according to proof at time of trial.

87. Defendants are liable to Plaintiff and Class Members alleged herein for the unpaid overtime and civil penalties, with interest thereon. Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below.

88. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**FOURTH CAUSE OF ACTION**

**Failure to Provide or Make Available Meal Periods**

**Pursuant Cal. Lab. Code §§ 226.7 and 512**

**(Against Defendants – On Behalf of Plaintiff and the Class Members)**

89. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

90. As alleged above, Defendants regularly fail to provide Plaintiff and Class Members with compliant meal breaks. Defendants require Plaintiff and Class Members to clock out for meal breaks but continue working.

91. Plaintiff and Class Members are routinely interrupted during their clocked-out meal breaks by their supervisor(s) and/or co-workers and asked that they resume caring for their patients without delay. For instance, Plaintiff and Class Members are frequently directed, without limitations, to assist back patients to their room, clean their patients, accompany their patients to the restroom, and attend their patients who need assistance to move or have fallen.

92. As a result of requiring Plaintiff and Class Members to perform work during their clocked-out meal breaks, Plaintiff and Class Members are not provided with the opportunity to take duty-free uninterrupted thirty-minute meal periods during by the end of the fifth hour of work.

93. Defendants do not pay requisite premiums to Plaintiff and Class Members for these non-compliant meal breaks.

94. Cal. Lab. Code §§ 226.7 and 512 and the applicable Wage Orders require Defendants to provide or make available meal periods to its employees. Cal. Lab. Code §§ 226.7 and 512 and the Wage Orders prohibit employers from employing an employee for more than five (5) hours without a meal period of not less than thirty (30) minutes, and from employing an employee more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes.

95. Unless the employee is relieved of all duty during the thirty-minute meal period, the employee is considered "on duty" and the meal period is counted as time worked under the applicable

Wage Orders.

96. Under Cal. Lab. Code § 226.7(b) and the applicable Wage Orders, an employer who fails to provide or make available a required meal period must, as compensation, pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal and/or rest period was not authorized and permitted.

97. Despite these requirements, Defendants have knowingly and willfully refused to perform their obligations to provide or make available to Plaintiff and Class Members the ability to take the meal and rest periods to which they are entitled.

98. Defendants have also failed to pay Plaintiff and Class Members one (1) hour of pay for each day an off-duty meal period was denied. Defendants' conduct described herein violates Cal. Lab. Code §§ 226.7 and 512. Therefore, pursuant to Cal. Lab. Code § 226.7(b), Plaintiff and Class Members are entitled to compensation for the failure to provide or make available meal periods, plus interest, attorneys' fees, expenses and costs of suit.

99. As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial.

100. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## FIFTH CAUSE OF ACTION

**Failure to Provide or Make Available Rest Periods**

**Pursuant Cal. Lab. Code § 226.7**

**(Against Defendants – On Behalf of Plaintiff and the Class Members)**

101. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

102. Defendants routinely fail to authorize and permit rest periods to Plaintiff and Class Members.

103. Plaintiff and Class Members are routinely interrupted and/or precluded from taking rest periods throughout the day due to interruptions by their supervisor(s) and/or co-workers asking that they resume caring for their patients without delay.

104. Plaintiff and Class Members do not receive the requisite premium pay for their missed

rest breaks as required by California law.

105. Cal. Lab. Code §§ 226.7 and the applicable Wage Orders also require employers to authorize and permit employees to take ten (10) minutes of net rest time per (4) four hours or major fraction thereof of work, and to pay employees their full wages during those rest periods. Unless the employee is relieved of all duty during the rest period, the rest period is considered "on duty" and does not qualify as a rest period under the applicable Wage Orders.

106. Under Cal. Lab. Code § 226.7(b) and the applicable Wage Orders, an employer who fails to authorize and permit a required rest period must, as compensation, pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period was not authorized and permitted.

107. Despite these requirements, Defendants have knowingly and willfully refused to perform their obligations to authorize and permit Plaintiff and Class Members the ability to take the rest periods to which they are entitled.

108. Defendants have also failed to pay Plaintiff and Class Members one (1) hour of pay for each day an off-duty rest period was denied. Defendants' conduct described herein violates Cal. Lab. Code §§ 226.7. Therefore, pursuant to Cal. Lab. Code § 226.7(b), Plaintiff and Class Members are entitled to compensation for the failure to authorize and permit rest periods, plus interest, attorneys' fees, expenses and costs of suit.

109. As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial.

110. Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

**<u>SIXTH CAUSE OF ACTION</u>**

**Failure to Reimburse for Necessary Business Expenses**

**Pursuant Cal. Lab. Code § 2802**

**(Against Defendants – On Behalf of Plaintiff and the Class Members)**

111. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

112. Defendants require Plaintiff and Class Members to routinely use their personal cell

phones for work related communications. That is because the nursing stations' phones are often not in service, and Plaintiff and Class Members must use their personal cell phones to remain in constant communication with their team and other members of the facility regarding patient care. In addition, Plaintiff and Class Members are also instructed to let their patients borrow their personal cell phones to make personal calls. Defendants do not reimburse Plaintiff and Class Members for using their personal cellphone in the performance of their work duties.

113. Cal. Lab. Code § 2802 provides:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions believed them to be unlawful. … For the purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section.

114. Defendants failed to provide Plaintiff and Class Members reimbursement for all necessary expenditures or losses incurred by Plaintiff and Class Members in direct consequence of the discharge of their duties, or as a result of their obedience to the directions of Defendants.

115. Wherefore, Plaintiff and Class Members request relief as hereinafter provided.

## SEVENTH CAUSE OF ACTION

**Failure to Provide Accurate Itemized Wage Statements**

**Pursuant Cal. Lab. Code § 226**

**(Against Defendants – On Behalf of Plaintiff and the Class Members)**

116. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

117. Defendants did not provide Plaintiff and Class Members with accurate itemized wage statements as required by California law.

118. Cal. Lab. Code § 226(a) provides that:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if

> the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least four years at the place of employment or at a central location within the State of California.

119. The IWC Wage Orders also establish this requirement. (*See* IWC Wage Order 4-2001(7)).

120. Cal. Lab. Code § 226(e) provides:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) and is entitled to an award of costs and reasonable attorney's fees.

121. Defendants have not provided timely, accurate itemized wage statements to Plaintiff and Class Members in accordance with Cal. Lab. Code § 226(a) and the IWC Wage Orders. In particular, the wage statements did not count as "hours worked" the off-the-clock time its hourly, non-exempt employees spend performing work activities outside of their scheduled paid shifts and other work-related activities.

122. As a result of the wage and hour violations alleged here, the wage statements Defendants provided their employees, including Plaintiff and Class Members, do not accurately reflect all hours actually worked, actual gross wages earned and/or actual net wages earned, including minimum wages and overtime. In addition, the wage statements Defendants provided do not include premium pay for missed rest periods and missed meal periods.

123. Defendants are liable to Plaintiff and the Class Members for the amounts described above in addition to the civil penalties set forth below, with interest thereon. Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below, pursuant to Cal. Lab. Code § 226(e).

124. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**EIGHTH CAUSE OF ACTION**

**Failure to Pay All Wages Owed Upon Separation from Employment**

**Pursuant to Cal. Lab. Code §§ 201-203**

**(Against Defendants on behalf of Plaintiff and Class Members)**

125. Plaintiff and Class Members re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

126. Defendants do not provide Plaintiff and Class Members with their wages when due under California law after Plaintiff and Class Members' employment with Defendants ended, as a result of the meal and rest break, off-the-clock work, and overtime violations set forth above and Defendants' failure to provide premium pay for the missed breaks.

127. Cal. Lab. Code § 201 provides:

> If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

128. Cal. Lab. Code § 202 provides

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

129. Cal. Lab. Code § 203 provides, in relevant part:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

130. Plaintiff and Class Members who are former employees of Defendants left employment with Defendants during the statutory period, at which time Defendants owed them unpaid wages. These earned, but unpaid, wages derive from unrecorded time spent off-the-clock, unpaid premiums for overtime and non-compliant meal and rest breaks.

131. Defendants willfully refused to pay Plaintiff and Class Members all the wages that were due and owed to them including: straight time, minimum wage, overtime, and premiums for non-compliant meal and rest periods, and unreimbursed business expenses upon separation from

employment. As a result of Defendants' actions, Plaintiff and Class Members have suffered and continue to suffer substantial losses, including lost earnings, and interest.

132. Defendants' willful failure to pay Plaintiff and Class Members the wages due and owned to them constitutes a violation of Cal. Lab. Code §§ 201-202. As a result, Defendants are liable to Plaintiff and Class Members for all penalties owing pursuant to Cal. Lab. Code §§ 201-203.

133. In addition, Cal. Lab. Code § 203 provides that an employee's wages will continue as a penalty up to thirty days from the time the wages were due. Therefore, Plaintiff and Class Members are entitled to penalties pursuant to Cal. Lab. Code § 203, plus interest.

134. Wherefore, Plaintiff and Class Members request relief as hereinafter provided.

## NINTH CAUSE OF ACTION

## Unlawful Business Practices

**Violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.***

**(Against Defendants – On Behalf of Plaintiff and the Class Members)**

135. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

136. The UCL prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

137. Cal. Bus. & Prof. Code § 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

138. Cal. Lab. Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

139. Beginning at an exact date unknown to Plaintiff, but at least since the date four years prior to the filing of this lawsuit, Defendants have committed acts of unfair competition as defined by the UCL, by engaging in the unlawful, unfair, and fraudulent business acts and practices described in this Complaint, including, but not limited to:

a. violations of Cal. Lab. Code § 1194 and IWC Wage Order 4-2001 pertaining to payment of wages, including minimum wage, for all hours worked;

b. violations of Cal. Lab. Code § 510 and IWC Wage Order 4-2001 pertaining to overtime;

c. violations of Cal. Lab. Code §§ 226.7 and 512 and Wage Order 4-2001 pertaining to meal and rest breaks;

d. violations of Cal. Lab. Code § 226 regarding accurate, timely itemized wage statements;

e. violations of Cal. Lab. Code §§ 201-203 pertaining to payment of all wages owed during and upon separation from employment.

140. The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages, serve as unlawful predicate acts and practices for purposes of Cal. Bus. & Prof. Code §§ 17200, *et seq*.

141. The acts and practices described above constitute unfair, unlawful, and fraudulent business practices, and unfair competition, within the meaning of Cal. Bus. & Prof. §§ 17200, *et seq*. Among other things, the acts and practices have taken from Plaintiff and the Class Members wages rightfully earned by them, while enabling Defendants to gain an unfair competitive advantage over law-abiding employers and competitors.

142. Cal. Bus. & Prof. Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.

143. As a direct and proximate result of the aforementioned acts and practices, Plaintiff and Class Members have suffered a loss of money and property, in the form of unpaid wages, which are due and payable.

144. Cal. Bus. & Prof. Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition. Plaintiff and Class Members are entitled to restitution pursuant to Cal. Bus. & Prof. Code § 17203 for all wages and payments unlawfully withheld from employees during the four-year period prior to the

filing of the original Complaint. Plaintiff 's success in this action will enforce important rights affecting the public interest and, in that regard, Plaintiff sues on behalf of herself as well as others similarly situated. Plaintiff and Class members seek and are entitled to unpaid wages, declaratory relief, and all other equitable remedies owing to them.

145. Plaintiff herein takes upon herself enforcement of these laws and lawful claims.

146. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing her to pay attorneys' fees from any recovery thereof. Attorneys' fees are appropriate pursuant to Cal. Code Civ. Proc. § 1021.5 and otherwise.

147. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for relief as follows:

a) Damages and restitution according to proof at trial for all unpaid wages and other injuries, as provided by the Cal. Lab. Code and Cal. Bus. & Prof. Code;

b) For the Court to declare, adjudge, and decree that Defendants have violated the California Labor Code as alleged herein;

c) For a declaratory judgment that Defendants have violated Cal. Bus. & Prof. Code §§ 17200, *et seq.*, as a result of the aforementioned violations of the Cal. Lab. Code;

d) For equitable accounting to identify, locate, and restore to all current and former employees the wages the are due, with interest thereon;

e) For an order awarding Plaintiff and Class Members compensatory damages including lost wages, earnings, liquidated damages, and other employee benefits, restitution, recovery of all money, actual damages, and all other sums of money owed to Plaintiff and Class Members, together with interest on these amounts, according to proof;

f) For an award of reasonable attorneys' fees as provided by the Cal. Lab. Code, and/or any other applicable law;

g) For interest on any penalties awarded, as provided by applicable law; and

h) For such other and further relief as this Court deems just and proper.

Respectfully Submitted,

Dated: November 24, 2025

Carolyn H. Cottrell
Ori Edelstein
Philippe M.J. Gaudard
Christina N. Mirzaie

**SCHNEIDER WALLACE COTTRELL KIM LLP**

*Attorneys for Plaintiff, on behalf of herself and the Class Members*

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff is entitled to a jury.

Respectfully Submitted,

Dated: November 24, 2025

Carolyn H. Cottrell
Ori Edelstein
Philippe M.J. Gaudard
Christina N. Mirzaie

**SCHNEIDER WALLACE COTTRELL KIM LLP**

*Attorneys for Plaintiff, on behalf of herself and the Class Members*